**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL, COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 10-cv-1493 |
| | ) | Judge Robert M. Dow, Jr. |
| CENTRAL RUG & CARPET COMPANY, INC., BARSUMIAN ENTERPRISES, LTD., and BODALA, L.L.C., | ) ) ) ) | |
| Defendants. | ) ) | |
| BODALA, L.L.C., | ) ) | |
| Cross-Plaintiff, | ) ) | |
| v. | ) ) | |
| CENTRAL RUG & CARPET COMPANY, INC. | ) ) | |
| Cross-Defendant. | ) ) ) | |
| BODALA, L.L.C., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| ROBERT BARSUMIAN and THE ROBERT BARSUMIAN RESTATEMENT OF TRUST, dated November 27, 1991, | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

| | |
|---|---|
| ROBERT BARSUMIAN and THE ROBERT BARSUMIAN RESTATEMENT OF TRUST, dated November 27, 1991, | ) ) ) ) |
| Cross-Plaintiff, | ) ) |
| v. | ) ) |
| BODALA, L.L.C., | ) ) |
| Cross-Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trustees of the Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, and Chicago Regional Council of Carpenters Apprentice and Trainee Program Fund (collectively, "the Trust Funds") sued Defendants Central Rug & Carpet Company, Inc. ("Central Rug"), Barsumian Enterprises, Ltd. ("Barsumian"), and Bodala, L.L.C. ("Bodala") under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act, 29 U.S.C. §§ 1132 and 185. Before the Court is Defendant Barsumian's motion to dismiss the Trust Funds' complaint pursuant to Federal Rules of Civil Procedure 10(b) and 12(b)(6) and for sanctions pursuant to Rule 11 [65]. For the reasons set forth below, the Court grants in part and denies in part Barsumian's motion.

## I.   Background

For the purposes of Barsumian's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Trust Funds are multiemployer plans under 29 U.S.C. § 1002 that receive contributions from employers pursuant to collective bargaining agreements between the employers and the Chicago Regional Council of Carpenters ("the Union"). Central Rug entered into an agreement with the Union, under which Central Rug

agreed to be bound by a collective bargaining agreement or agreements. The terms of the collective bargaining agreements require Central Rug to pay fringe benefits to the Trust Funds. Specifically, Central Rug is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified by the collective bargaining and trust agreements. Central Rug also must make contributions to the Trust Fund measured by the hours worked by subcontractors who are not signatory to a collective bargaining agreement with the Union.

Under the trust and collective bargaining agreements, Central Rug is required to provide access to the records necessary for the Trust Funds to determine whether Central Rug has complied with its contribution obligations. According to the complaint, when the Trust Funds attempted to conduct an audit of Central Rug's books and records for the period of October 7, 2009 through the present, Central Rug failed to provide all of the books and records requested by the auditors. Accordingly, the Trust Funds were unable to complete their audit of Central Rug.

During their audit, the Trust Funds discovered two companies that they believed might be "related" to Central Rug: Barsumian Enterprises, Ltd. and Bodala, L.L.C. (Compl. ¶ 7.) The auditors asked Central Rug to provide the books and records for the same time period for the two "related" companies so that they could review those as well. Central Rug refused to provide the books and records for Barsumian and Bodala and, as such, the Trust Funds were unable to conduct an audit of the two "related" companies.

On March 8, 2010, the Trust Funds sued Central Rug, Barsumian, and Bodala, seeking an audit, unpaid contributions, interest or liquidated damages, and attorney fees and costs. The Trust Funds also asked the Court for a finding that Barsumian and Bodala be held jointly and severally liable as alter egos of Central Rug for any award entered. The Trust Funds set forth

several legal theories that they claim would bind Barsumian and Bodala. First, the Trust Funds contend that Barsumian and Bodala "are a disguised continuance" of Central Rug and that they participated with Central Rug in avoiding Central Rug's trust fund obligations. (Compl. ¶ 11.) The Trust Funds also assert that Barsumian and Bodala are "alter egos" of Central Rug. (Compl. ¶ 12.) Finally, the Trust Funds allege that Barsumian and Bodala are bound to the collective bargaining agreement under either a single employer theory or a joint employer theory. (Compl. ¶ 12.)

Defendant Barsumian moves to dismiss the Trust Funds' allegations against it, arguing that the complaint violates Federal Rules of Civil Procedure 10(b) and 12(b)(6). Barsumian also moves for sanctions under Rule 11.

## II.     Analysis

The Court begins with Barsumian's Rule 12(b)(6) argument. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of the way the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a

claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

Barsumian contends that the complaint contains only conclusory statements as to Barsumian's relationship with Central Rug and lacks any factual basis for the alleged relationship.   While the relevant allegations in the complaint are somewhat lean, they are sufficient to meet the federal notice pleading standards, particularly in a relatively straightforward case like this one.   See *Limestone Dev. Corp v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (explaining that the amount of factual allegation required depends on the complexity of the legal theory).   The complaint meets the requirements of Rule 8(a) because it gives Barsumian notice of the claim against it and the grounds upon which it rests.   And while a complaint must "allege 'enough facts to state a claim to relief that is plausible on its face,'" *id.* (quoting *Twombly*, 550 U.S. at 570), a plaintiff need not plead specific facts.   See *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests.") (quotations omitted).   The Trust Funds allege that when they audited Central Rug's books, they discovered that Barsumian was a "possibly related" company.   When the Trust Funds tried to investigate further, Central Rug refused to provide Barsumian's books and records for an audit. The Trust Funds also allege that Barsumian participated with Central Rug in avoiding its trust fund obligations.   Taking all of the allegations in the complaint to be true, the Trust Funds have alleged a claim against Barsumian that is plausible on its face.   See *Chicago Regional Council of Carpenters Pension Fund v. FAC Construction & Design, Inc.*, No. 11-CV-4303, 2011 WL 6369792, at *2-3 (N.D. Ill. Dec. 15, 2011) (denying the defendant's motion to dismiss a similar complaint); *Chicago Regional Council of Carpenters v. G&L Construction*, No. 08 C 7191, at 2

(N.D. Ill. Mar. 4, 2009) (unpublished) (same).   Accordingly, the Court denies Barsumian's

motion to dismiss pursuant to Rule 12(b)(6).

### B.       Rule 10(b)

Alternatively, Barsumian argues that the Trust Funds' complaint must be dismissed

because it violates Rule 10(b).  Federal Rule of Civil Procedure 10(b) provides that "each claim

founded on a separate transaction or occurrence * * * must be stated in a separate count or

defense * * * [i]f doing so would promote clarity."  Fed. R. Civ. P. 10(b); *Alioto v. Town of*

*Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (stating that "a court may require that allegations be

grouped into logical counts for claims that are 'founded on' separate transactions or

occurrences").   Requiring separate counts serves two purposes:   (1) it gives fair notice to the

defendants of the claims against them; and (2) it enables the court to grant relief on an entire

count, not just part of a count.   See *Livingston v. Village of Dolton*, No. 02 C 6003, 2003 WL

1463635, at *6 (N.D. Ill. Mar. 20, 2003).

Barsumian contends that the complaint is improper because it "jumbles[s] together" five

separate claims that are based on separate transactions or occurrences.   (Def. Mot. to Dismiss at

2.)  The five "claims" Barsumian complains of, however, are not claims.  They are legal theories.

The <u>claim</u> against Barsumian is that its relationship to Central Rug binds Barsumian to the terms

of the collectively bargaining and trust agreements and thus renders it jointly and severally liable

for unpaid contributions, interest, and other relief.   That is clear from the complaint.   And while

the complaint does include several legal theories as to why Barsumian is bound to the

agreements, because a plaintiff is not required to plead legal theories, see *Alioto*, 651 F.3d at 721

(collecting cases), it follows that including more than one theory in a count does not affect

whether the complaint is properly plead.

The Court agrees, however, that it "would promote clarity" and better enable the Court to consider whether relief is appropriate if the Trust Funds' separated their claims against Central Rug from its claims against the two related companies.  Accordingly, the Court grants Barsumian's motion in part and dismisses the Trust Funds' complaint without prejudice for failure to comply with Rule 10(b).  The Trust Funds are given until March 2, 2012 to file an amended complaint separating the claims as discussed above.

### C.    Rule 11 Sanctions

Barsumian also asks the Court to award Rule 11 sanctions against the Trust Funds for their alleged failure to conduct a reasonable inquiry before filing their lawsuit.  For its part, the Trust Funds claim that Barsumian's motion to dismiss is frivolous and request an award of attorney fees and costs in their favor.  Because both parties have violated Rule 11(c)(2)'s requirement that a Rule 11 motion for sanctions be separate from any other motion and because, in any case, sanctions are not warranted here, the Court denies both motions.  See, *e.g.*, *MB Financial, N.A. v. Stevens*, No. 11 C 798, 2011 WL 5514059, at *4 (N.D. Ill. July 5, 2011) (denying motions for sanctions because the motions did not comply with Rule 11(c)(2)).

**III.     Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Barsumian's motion to dismiss and for sanctions [65].  The Court denies Barsumian's motion to dismiss pursuant to Rule 12(b)(6), but grants the motion as to Rule 10(b).  The Trust Funds' complaint is dismissed without prejudice and with leave to replead by March 2, 2012 in accordance with this decision. Finally, the Court denies both parties' request for sanctions under Rule 11.

Dated: February 10, 2012

_____
Robert M. Dow, Jr.
United States District Judge